BOOKOUT, Judge.
First degree murder; sentence: life imprisonment.
On the night of April 18,1975, at approximately 11:00 P.M., eighty year old Sidney Bryant was shot and killed at the back door of his home. The assailant had made a previous visit to Bryant’s home around dusk the day of the murder. The purpose of the last visit was to locate a girl friend. The appellant was identified by Geraldine Dudley, Bryant’s boarder, as the man who killed Bryant and also as the man who visited Bryant around dusk. Wilbert Cody, Bryant’s neighbor, also identified the appellant as the man who visited Bryant around dusk.
The only issue raised in the appellant’s brief was that the verdict was contrary to the weight of the evidence. However, a reading of the record and of the argument in the appellant’s brief reveals that the only issue is whether or not Geraldine Dudley and Wilbert Cody misidentified the appellant as the assailant. The factors which must be considered when evaluating the likelihood of misidentification are set out in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) and Childers v. State, Ala.Cr.App., 339 So.2d 597, at p. 598, cert. denied Ala., 339 So.2d 601:
“. . . the opportunity of witnesses to view the criminal at the time of the crime, the witnesses’ degree of attention, the accuracy of the witnesses’ prior description of the criminal, the level of certainty demonstrated by the witnesses at the confrontation, and the length of time between the confrontation and the crime.
Ms. Dudley had more than ample opportunity to view the assailant at the time of the crime and on his previous visit. Her degree of attention was great at the time of the crime. Her description of the assailant accurately fit the appellant, except for a height discrepancy. Ms. Dudley was certain as to her identification both at trial and at a lineup. The lineup which was properly conducted occurred about two hours after the murder. The appellant contends that the fact that Ms. Dudley was arrested in order to secure her appearance at a preliminary hearing makes her identification of the appellant suspect. Ms. Dudley adequately explained at trial that the arrest grew out of a misunderstanding and not from her reluctance to testify. We do not *1390 find that it is likely that Ms. Dudley misidentified the appellant as the assailant.
All the factors in Childers, supra, point to an unlikelihood of misidentification on the part of Cody except that his first opportunity to make an identification was at trial after a lapse of five months. The appellant contends the confused nature of Cody’s testimony suggests a likelihood of misidentifi-cation. Admittedly Cody’s testimony was confused. The confusion resulted from Cody’s utter lack of knowledge concerning courtroom procedures; from confusing and repetitious questions on cross-examination; and Cody’s apparent inability to estimate distances. The confusion did not result because of any likelihood of misidentification.
The appellant rested without presenting a defense. We have searched the record, and we fail to find error prejudicial to the appellant.
AFFIRMED.
All the Judges concur.